IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HARRY R. HALL AND CYNTHIA HALL, <br><br> PLAINTIFFS, <br><br> VS. <br><br> OCWEN LOAN SERVICING, LLC, et al.; <br><br> DEFENDANTS. | Case No.: 2:19-cv-00254-WC |

### PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND SUPPORTING LEGAL MEMORANDUM

**COME NOW** Plaintiffs and, pursuant to Rule 56, Federal Rules of Civil Procedure, move this Court for an order determining as a matter of law that Defendant Ocwen Loan Servicing, LLC is a "debt collector" as that term is defined by the Fair Debt Collections Practices Act, 15 USC § 1692a(5) ("FDCPA") with respect to the actions taken to collect sums owed under the subject mortgage.

### ARGUMENT

**I.     The Fair Debt Collection Practices Act Applies to the Actions Taken by Ocwen**

"Congress enacted the FDCPA in an effort 'to eliminate abusive debt collection practices by debt collectors....' 15 U.S.C. § 1692(e). The FDCPA forbids certain conduct by debt collectors, including false or misleading representations in connection with the collection of any debt, including threatening to take actions that cannot be legally taken. . . .. A plaintiff states a plausible FDCPA claim under § 1692e when he alleges, primarily, that (1) the defendant is a 'debt collector,'

and (2) the challenged conduct is related to debt collection." *Frone v. JP Morgan Chase & Co.*, 695 F. App'x 468, 471 (11th Cir. 2017), citing *Reese v. Ellis, Painter, Ratterree & Adams, LLP Reese*, 678 F.3d 1211, 1216 (11th Cir. 2012).

The FDCPA applies here because, at all relevant times, Ocwen acted as a "debt collector" and the mortgage debt it attempted to collect was consumer debt covered by the act.

### A. The Debt

The FDCPA at 15 USC § 1692a (5) defines the word "debt" as follows:

> The term "debt" means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment.

Money owed under a promissory note which is secured by the debtor's home is a debt within the meaning of the FDCPA. See *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1217 (11th Cir. 2012). "In order to establish a violation of the FDCPA, a plaintiff must demonstrate three elements: (1) he has been the object of collection activity arising from a consumer debt; (2) the defendant attempting to collect the debt qualifies as a "debt collector" under the Act; and (3) the defendant has engaged in a prohibited act or has failed to perform a requirement imposed by the FDCPA." *Id.* at 1216.

Also, attempts to collect such a secured debt, even made in connection with the enforcement of a security interest, nevertheless falls within the scope of the FDCPA. *Id*. at 1217-1218 (rejecting argument that debt secured by mortgage and actions taken related to foreclosure are exempted from definition of a debt); *see also Birster v. Am. Home Mortgage Servicing, Inc.*, 481 F. App'x 579, 582 (11th Cir. 2012)(same); *Gburek v. Litton Loan Servicing LP*, 614 F.3d 380, 386 (7th Cir.2010) (letter threatening foreclosure while also offering to discuss foreclosure

alternative is an attempt to collect a debt under FDCPA); *Wilson v. Draper & Goldberg,* PLLC, 443 F.3d 373, 376 (4th Cir.2006) ([The] debt remained a debt even after foreclosure proceedings commenced; *Piper v. Portnoff Law Assocs., Ltd.*, 396 F.3d 227, 234 (3d Cir.2005) (fact that collection letter threatening execution of a lien is an attempt to collect a debt.

### B. Ocwen is a "Debt Collector"

There is no doubt that Ocwen is also a debt collector here. That term is defined under the FDCPA as follows:

> The term debt collector means any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. Notwithstanding the exclusion provided by clause (F) of the last sentence of this paragraph, the term includes any creditor who, in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts. For the purpose of section 1692f(6) of this title, such term also includes any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the enforcement of security interests.

15 U.S.C. § 1692a(6).

Excluded from that definition is any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity . . . concerns a debt which was not in default at the time it was obtained by such person.15 U.S.C. § 1692a(6)(F)(iii).

Court have regularly applied these terms to mortgage servicers and declared that servicers meet are "debt collectors" under the FDCPA when servicing rights were acquired after the mortgage debt was deemed to be in default by the creditor. This well-established rule was articulated in *Perry v. Stewart Title Co.*, 756 F.2d 1197 (5th Cir.1985): [A] debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned. *Perry*, 756 F.2d at 1208; see also *Bourff*

3

*v. Rubin Lublin, LLC*, 674 F.3d 1238, 1241 (11th Cir. 2012); *Belin v. Litton Loan Servicing, LP,* 2006 WL 1992410 (MD Fla. July 14, 2006).

In *Bourff,* the Eleventh Circuit held that allegations that BAC (a mortgage servicer) acquired the plaintiffs loan after the loan was in default adequately plead BAC's status as a debt collector under the FDCPA. <u>Bourff</u>, 674 F.3d 1238, 1241. Many other courts have held the same. See e.g. *McKinney v. Cadleway Properties, Inc.,* 548 F.3d 496, 501 (7th Cir. 2008) ("[T]he purchaser of a debt in default is a debt collector for purposes of the FDCPA even though it owns the debt and is collecting for itself."); *Wadlington v. Credit Acceptance Corp.,* 76 F.3d 103, 106 (6th Cir. 1996); *Hope v. BSI Fin., Inc.,* 2012 WL 5379177 (ND Ala. October 26, 2012)(Plaintiff sufficiently plead that servicer was a debt collector where he alleged that servicer acquired the loan after it was in default); *Eke v. FirstBank Florida,* 779 F. Supp. 2d 1354, 1357 (SD Fla. 2011)("Debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned."); *LaCosta v. McCalla Raymer, LLC,* 2011 WL 166902 (ND Ga. January 18, 2011) (Legislative history of FDCPA indicates conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned.); *Foxx v. Ocwen Loan Servicing, LLC*, 2012 WL 2048252 (MD Fla. June 6, 2012)(same); *N. Star Capital Acquisitions, LLC v. Krig*, 611 F. Supp. 2d 1324, 1335-36 (MD Fla. 2009)("It is undisputed that North Star bought the debt of counterclaim plaintiffs after it had already become delinquent . . .. This fact alone would seem to establish North Star's status as a debt collector.").

Ocwen falls within the debt collector status in at least two ways. First, as stated above, it is undisputed that Ocwen's sole business is mortgage servicing, which, at its core, involves the

4

collection of a debt owed to a separate entity. This places Ocwen squarely within the definition of debt collector as any business. . .who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. 15 USC § 1692a(6).  The second aspect to the definition that applies to Ocwen is the interpretations described above which, when addressing mortgage servicing and the exception in (F)(III) (applying to debt transferred prior to default), hold that a mortgage servicer which is assigned servicing rights of a debt already declared in default is covered under the Act.

In the case at bar, there is no doubt that when Ocwen assumed servicing the Halls' loan, it was considered in default.  The key here is whether the creditor considers the loan in default, not whether it is in fact in default. *See, e.g.*, *Schlosser v. Fairbanks Capital Corp.,* 323 F.3d 534, 539 (7th Cir. 2003)(debt was in default at time of assignment if servicer treated debt as defaulted, regardless of whether it was actually in default).   Moreover, when applying the term default, for purposes of the debt collector definition, courts first look to the underlying contract.  <u>Prince v. NCO Fin. Servs., Inc.,</u> 346 F. Supp. 2d 744, 748 (ED Pa. 2004) (must first look to contract between creditor and debtor and any legal or regulatory authority); *Hartman v. Meridian Financial Services,* 191 F.Supp.2d 1031 (W.D.Wis. 2002) (relying on contractual provision stating default occurred when payment was missed); *Skerry v. Massachusetts Higher Education Assistance Corp.,* 73 F.Supp.2d 47 (D.Mass.1999) (referring to regulatory definition applicable to student loan). Here, there is no need to look beyond the contract because the note clearly defines default as the failure to make a payment when due.  (See, Ex. 1 and Ex 2.)  It is undisputed that at the time Ocwen obtained servicing of the Halls' loan, the loan was already considered in default. (See Ex.   19.) Because, under the terms of the note, default had already occurred, Ocwen acquired the loan after default, and it is on that basis a debt collector.

## CONCLUSION

Because the undisputed facts establish that at all material times Ocwen was a debt collector engaged in the collection of debt with respect to the Halls' loan, this Motion for Partial Summary Judgment as to the application of the FDCPA is due to be granted.

/s/Earl P. Underwood, Jr.
**EARL P. UNDERWOOD, JR.**
**Attorney for Plaintiff**

**OF COUNSEL:**
**UNDERWOOD & RIEMER, P.C.**
**21 S Section Street**
**Fairhope, Alabama 36532**
**Phone:   251.990.5558**
**Email: epunderwood@alalaw.com**

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2020 the foregoing pleading was served upon all counsel of record CM/ECF filing system.

/s/Earl P. Underwood, Jr
**Earl P. Underwood, Jr.**