IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HARRY R. HALL AND CYNTHIA HALL, <br><br> PLAINTIFFS, <br><br> VS. <br><br> OCWEN LOAN SERVICING, LLC, et al., <br><br> DEFENDANTS | Case No.: 2:19-cv-00254-WC |

**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGEMENT**

COME NOW Plaintiffs and submit the following reply to Defendants' Response and Opposition to Plaintiffs' Motion for Partial Summary Judgment (Doc. 94).

**ARGUMENT**

The sole issue addressed by Plaintiffs herein is whether or not under the undisputed facts Ocwen Loan Servicing, LLC ("Ocwen") is a debt collector as that term is defined Fair Debt Collection Practices Act, 15 U.S.C. § 1692a(6).

Defendants' Response in Opposition to Plaintiffs' Motion for Partial Summary Judgement fails to identify a single shred of record evidence to support its argument that it is not a debt collector for purposes of the FDCPA. Defendants' arguments flounder in the face of the undisputed facts. The arguments of Ocwen Loan Servicing, LLC ("Ocwen") and the Response in Opposition reinforce the conclusion that the FDCPA is applicable here.

Moreover, in its opposition, Ocwen does not cite a single case wherein a servicer that assumed the servicing of a loan in default was not found to be a debt collector. Ocwen correctly

states that the FDCPA applies to the collection of debts that were in default at the time the debt was obtained, and the undisputed facts are that, as stated in the middle of page 2 of its opposition, Plaintiffs were behind on their loan payments.

"Unfortunately, the [FDCPA] does not define the term 'default.'" *Church v. Accretive Health, Inc.*, 654 F. App'x 990, 992 (11th Cir. 2016). However, the Mortgage Note signed by Plaintiffs, Doc. 79-2 at page 2, does define default as follows:

> **6. BORROWER'S FAILURE TO PAY AS REQUIRED**
> **(A) Late Charge for Overdue Payments**
> If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.00 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.
>
> **(B) Default**
> If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

Ocwen also admits, on page 2 of Doc. 94, its opposition to Plaintiffs' Motion for Partial Summary Judgment, that it is not the original creditor and Plaintiffs were behind on their loan payments at the time servicing of the loan was transferred. In addition, Ocwen's corporate representative testified that the loan payments were behind when Ocwen acquired servicing. See Doc. 79-19 at the top of p. 2.

Finally, Ocwen treated Plaintiffs' loan as if it were in default. Ocwen assumed servicing on February 16, 2013, Doc. 76 ¶ 3. Plaintiffs filed for relief under Chapter 13 in September of 2013, Declaration Of Benjamin M. Verdooren. Doc. 76-2 at ¶ 12. During the Chapter 13 case, Ocwen filed a proof of claim for late charges that were due as far back as March 16, 2012. See Doc 76.2 Ex A to Declaration Of Benjamin M. Verdooren. The Proof of Claim alone proves that Ocwen considered the Plaintiffs' loan to be in default when it assumed servicing.

## CONCLUSION

For all the reasons stated above the Plaintiffs' Motion for Partial Summary Judgment is due to be granted.

Respectfully submitted this the 11th day of December 2020.

>   */s/Earl P. Underwood, Jr.*
>   **EARL P. UNDERWOOD, JR.**
>   Attorney for Plaintiffs

OF COUNSEL:
UNDERWOOD & RIEMER, P.C.
21 S Section Street
Fairhope, Alabama 36532
Phone:   251.990.5558
Email: epunderwood@alalaw.com

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served upon the on all parties via this Court's CM/ECF electronic filing system on December 11, 2020.

>   */s/ Earl P. Underwood, Jr.*
>   **EARL P. UNDERWOOD, JR.**