IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| HARRY R. HALL and CYNTHIA HALL, | |
| PLAINTIFFS, | |
| VS. | Case No.: 2:19-CV-00254-WC |
| OCWEN LOAN SERVICING, LLC; FEDERAL NATIONAL MORTGAGE ASSOCIATION; TRANSUNION, LLC; EQUIFAX INFORMATION SERVICES, LLC and EXPERIAN INFORMATION SOLUTIONS, INC. | |
| DEFENDANTS. | |

**COME NOW** Plaintiffs, and in response to Defendants' Motion to Strike, present the following opposition.

### PLAINTIFFS' RESPONSE TO DEFENDANTS' MOTION TO STRIKE

### INTRODUCTION

During this litigation, Plaintiffs have produced over 1,100 pages of documents. The nondisclosure at issue, an 82-word transcript (Doc. 98-12), was inadvertent and unintentional. Furthermore, nondisclosure is harmless because the information in the transcript is contained in other exhibits. The exhibit is a transcript of a hearing in which the Halls' bankruptcy counsel, Gail Donaldson, announced in open court an agreement with Ocwen's counsel that the Halls were current on their mortgage payments. Plaintiffs supplemented their disclosures on January 30, 2020, putting the Defendants on notice that Donaldson had knowledge of the events regarding Plaintiffs'

Bankruptcy proceeding. See Doc 103-2. Besides, there was no reason for Plaintiffs to conceal the transcript any other documents.

## ARGUMENT

### The Transcript Should Not Be Excluded Because Its Nondisclosure Was Inadvertent and Harmless

Plaintiffs' counsel are well aware of their obligations under Federal Rules and have no excuse for the nonproduction of the transcript except the undersigned's inadvertence. Moreover, the transcript, a public record, was equally available to Defendants as it was for Plaintiffs. Finally, Defendants do not explain how they were harmed by the nondisclosure. The nondisclosure is harmless also because the short transcript does not add any facts that were not already contained in Plaintiffs' Exhibits 11 and 13.[1]

In this Circuit, the exclusion under Rule 37(c) is not automatic or robotic.  See *Taylor v. Mentor Worldwide LLC*, 940 F.3d 582, 603-04 (11th Cir. 2019) (J. Carnes, J., concurring); *Pitts v. HP Pelzer Auto. Sys., Inc.*, 331 FRD. 688, 696 (SD Ga. 2019)("[T]he text of Rule 37(c)(1) and the limited related Eleventh Circuit authority indicate that exclusion is not necessarily mandatory even after finding that a party's failure to supplement discovery was neither substantially justified nor harmless."). "Instead, this Court has adopted a nuanced approach which considers mitigating circumstances including: (1) the explanation for any failure to comply with the disclosure requirement; (2) the importance of the evidence; (3) the prejudice to the opposing party; and, (4) the possibility of a cure". *Alimenta, Inc. v. Anheuser–Busch Companies, Inc.,* 803 F.2d 1160, 1163 (11th Cir. 1986).

The failure to disclose here was inadvertent and unintentional.  "The examples of harmless nondisclosures set out in the Advisory Committee notes all involve an 'inadvertent' omission of

---

[1] See Exhibit 11(Doc 98-11 at page 4) and 13 (Doc 98-13).

information that was available to the opposing party." *Taylor v. Mentor* at 603. The Advisory Committee notes suggest that the harmlessness exception is intended to "avoid unduly harsh penalties in a variety of situations." *Id.* "[T]he recent trend among district courts in this circuit is to hold that failure to comply with the mandate of the rule is harmless 'when there is no prejudice to the party entitled to the disclosure.'" *Little v. City of Anniston*, 2016 WL 7407093, at *3 (ND Ala. December 22, 2016) (Citing *Coleman v. Home Depot USA, Inc.*, 2016 WL 4543120 (SD. Fla. March 21, 2016).

Without a doubt, the transcript should have been produced in discovery, but the failure to produce it was harmless. This Circuit's "strong preference for deciding cases on the merits" *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1332 (11th Cir. 2014) also weighs against the exclusion. See also *Reese v. CSX Transportation, Inc.*, 2020 WL 5740253, at *17 (S.D. Ga. Sept. 24, 2020) (Citing *Perez* and finding harmless the delay of nearly three months to disclose an expert's final report).

Other "relevant considerations include whether the concealing party acted in bad faith, whether the party seeking exclusion of undisclosed evidence suffered prejudice, and whether the prejudice, if any, can be cured." *Blackledge V. Alabama Dmh/Mr*, Civil Action No. 2:06cv321-ID, at *28 (MD Ala. October 25, 2007). "Even if substantial justification is lacking, no sanction should be imposed if no harm has occurred to Defendant." *Two Men & a Truck Int'l, Inc. v. Residential & Commercial Transp. Co., LLC*, 2008 WL 5235115, at *2 (ND Fla. October 20, 2008), *report and recommendation adopted,* No. 4:08CV67-WS, 2008 WL 11340311 (ND Fla. December 15, 2008).

## CONCLUSION

For the reasons stated in this Response to Defendants' Motion to Strike, said Motion is due to be denied as Plaintiffs' delay in disclosure was unintentional and harmless. The Hearing

transcript presented no new information but, instead, reinforced the information already on record in this litigation. The delay was also unintentional. As previously stated, Plaintiffs did supplement their disclosures to include Attorney Gail Donaldson as having knowledge of the events that led to this case against Defendants.

Respectfully submitted this 28th day of January 2021,

>*/s/ Earl P. Underwood, Jr.*
>**Earl P. Underwood, Jr.**
>**Underwood & Riemer, P.C.**
>**21 South Section Street**
>**Fairhope, Alabama 36532**
>**Telephone: 251-990-5558**
>**Facsimile: 251-990-0626**
>epunderwood@alalaw.com
>*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

This is to certify that on this 28th day of January 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

>*/s/ Earl P. Underwood, Jr.*
>**Earl P. Underwood, Jr.**