**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA**

| | |
|---|---|
| **HARRY R. HALL and CYNTHIA HALL,** | |
| **Plaintiffs,** | |
| **VS.** | **Case No. 2:19-cv-00254-MHT-SMD** |
| **OCWEN LOAN SERVICING, LLC and FEDERAL HOME LOAN MORTGAGE CORPORATION,** | |
| **Defendants.** | |

**DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE
EVIDENCE AND ARGUMENT ON COLLATERAL ESTOPPEL**

Defendants Ocwen Loan Servicing, LLC ("Ocwen") and Federal Home Loan Mortgage Corporation ("Freddie Mac") (collectively, "Defendants"), submit this Motion *in Limine* to exclude Plaintiff from offering any evidence and argument regarding collateral estoppel with respect to the effect and/or meaning of the Bankruptcy Court's May 15, 2018 Order ("Bankruptcy Order") on Plaintiffs' Motion to Deem Mortgage Current.  Specifically, the undisputed evidence in the record establishes that the Bankruptcy Order was the result of a stipulation between counsel for the parties and thus does not satisfy the requirements to invoke collateral estoppel as a matter of law under binding Eleventh Circuit precedent.  *See Tampa Bay Water v. HDR Eng'g, Inc.*, 731 F.3d 1171, 1181-82 (11th Cir. 2013).  For the reasons set forth below, Plaintiffs should be prohibited from introducing any evidence or arguments related to collateral estoppel to support their claims in this case.

**I.    ARGUMENT**

To invoke collateral estoppel, Plaintiffs bear the burden of proving four elements: (1) the issue at stake must be identical to the one involved in the prior litigation; (2) the issue must have

actually been litigated in the prior suit; (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgement in that action; and (4) the party against whom the earlier decision is asserted must have had a full and fair opportunity to litigate the issue in the earlier proceeding.  *See In re McWhorter*, 887 F.2d 1564, 1566 (11th Cir. 1989) (citing *I.A. Durbin, Inc. v. Jefferson National Bank*, 793 F.2d 1541, 1549 (11th Cir. 1986)).

These elements – particularly the second – cannot be satisfied where a court's order is the result of a stipulation between the parties.  *See Tampa Bay Water*, 731 F.3d at 1181-82.  "Plainly, a set of stipulations does not 'reflect the considered judgment of a judicial officer' or jury; 'it has been forged [by the parties] alone as an adjustment of conflicting claims and is not a tempered determination of fact and law after the annealment of an adversary trial.'" *Tampa Bay Water*, 731 F.3d at 1181-82 (quoting *Kaspar Wire Works, Inc. v. Leco Eng'g & Mach., Inc.*, 575 F.2d 530, 535-36 (5th Cir. 1978)) (alterations in original); *see also Lozman v. City of Riviera Beach*, 713 F.3d 1066, 1079 (11th Cir. 2013) (refusing to apply collateral estoppel because "[a]ny issues . . . were ended by consent and were not fully and actually litigated."); *WM Mobile Bay Envtl. Ctr., Inc. v. City of Mobile*, 446 F. Supp. 3d 937, 948 (S.D. Ala. 2020) ("Under Alabama law, actual litigation occurs when 'the judgment rendered in [the first suit] was not based upon default, stipulation, or consent.'") (quoting *AAA Equip. & Rental, Inc. v. Bailey*, 384 So. 2d 107, 112 (Ala. 1980) (alteration in original)); Restatement (Second) of Judgments § 27, cmt. e ("in the case of a judgment entered by confession, consent, or default, none of the issues is actually litigated.").

In this case, Plaintiffs have argued that Defendants are collaterally estopped from asserting the Bankruptcy Order had any effect and/or meaning other than rendering their account current through April 1, 2018 as of the April 30, 2018 hearing on their Motion to Deem Mortgage Current. *See* Pls.' Resp. Opp. Defs.' Mot. Summ. J., at 14-16 (ECF No. 98).  It is undisputed that prior to

2

the hearing on the Motion to Deem Mortgage Current, bankruptcy counsel for Ocwen and Plaintiffs exchanged e-mail correspondence wherein Ocwen's bankruptcy counsel agreed that the mortgage was current through April 1, 2018 and, as a result, would not attend the hearing. *See* E-Mail Correspondence between Gail Donaldson and Helen Ball, Pls.' Resp. Opp. Defs.' Mot. Summ. J., Ex. 11. That stipulation was presented to the Bankruptcy Court, which then indicated that the Motion would be granted. *See* Transcript of April 30, 2018 Hearing on Pls.' Mot. to Deem Mortgage Current at 2:4-9, Pls.' Resp. Opp. Defs.' Mot. Summ. J., Ex. 12 ("Ms Donaldson: Your Honor, Ms. Ball (phonetic) has agreed that the debtor is current through April 1st so – and Ocwen just issued that the debtors are current on their mortgage through April 1st of this year . . . THE COURT: Okay. So we'll grant the motion. …").[1]

Under Eleventh Circuit law, the stipulation between Plaintiffs' counsel and Ocwen's bankruptcy counsel cannot substitute "'the considered judgment of a judicial officer' or a jury" that is required to satisfy the elements of collateral estoppel. *Tampa Bay Water*, 731 F.3d at 1181-82 (quoting *Kaspar Wire Works*, 575 F.2d at 538). The stipulation in similarly insufficient to support collateral estoppel under Alabama law because "actual litigation occurs when 'the judgment rendered . . . was not based upon default, stipulation, or consent.'" *WM Mobile Bay Envtl. Ctr., Inc. v. City of Mobile*, 446 F. Supp. at 948. As a result, because the status of Plaintiffs' mortgage account was never actually litigated in the Bankruptcy Court, but was instead the result of a stipulation between the parties, Plaintiffs cannot satisfy the elements of collateral estoppel as

---

[1] Defendants do not waive any objections to the admissibility of the Transcript or otherwise concede their position that the Transcript should have been stricken from the record because it was not timely disclosed and/or produced in discovery. However, given the Court's ruling denying Defendants' Motion to Strike (ECF No. 103), Defendants believe the Court can consider the Transcript's contents for the limited purpose of deciding this Motion without Defendants waiving their objections.

a matter of law.   Accordingly, Plaintiffs should be barred from making any argument or introducing evidence at trial that Defendants are collaterally estopped from making any arguments regarding the status of Plaintiffs' mortgage account following the entry of the Bankruptcy Order.

## II.   CONCLUSION

Based on the foregoing reasons, Defendants respectfully request the Court grant this Motion, exclude any evidence or argument that Defendants are collaterally estopped from making arguments regarding the status of Plaintiffs' mortgage account following the entry of the Bankruptcy Order, and any other relief the Court deems just.

Dated: April 5, 2021                          Respectfully submitted,

                                                        */s/ Ethan G. Ostroff*
                                                        Ethan G. Ostroff *(pro hac vice)*
                                                        Carter R. Nichols (*pro hac vice*)
                                                        TROUTMAN PEPPER HAMILTON SANDERS LLP
                                                        222 Central Park Avenue, Suite 2000
                                                        Virginia Beach, VA 23462
                                                        Telephone: (757) 687-7541
                                                        Facsimile: (757) 687-1541
                                                        Email: ethan.ostroff@troutman.com
                                                        Email: carter.nichols@troutman.com

                                                        John Houston Shaner, Esq.
                                                        (ASB No: 1992M27W)
                                                        TROUTMAN PEPPER HAMILTON SANDERS LLP
                                                        600 Peachtree Street NE, Suite 3000
                                                        Atlanta, GA 30308
                                                        Telephone: (404) 885-3909
                                                        Facsimile: (404) 885-3900
                                                        Email: houston.shaner@troutman.com

                                                        *Counsel for Ocwen Loan Servicing, LLC and*
                                                        *and Federal Home Loan Mortgage Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 5th day of April 2021, I electronically filed *Defendants Ocwen Loan Servicing and Federal Home Loan Mortgage Corporation's Motion in Limine to Exclude Evidence and Argument on Collateral Estoppel* with the Clerk of the Court using the CM/ECF.  I also certify that the foregoing document is being served on all counsel of record via transmission of Notices of Electronic Filing generated by CM/ECF.

*/s/ Ethan G. Ostroff*
Ethan G. Ostroff
